UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAROL ANN M.,[1] | Case No. 1:20-cv-00543-BLW-CWD |
| Petitioner, | |
| | **REPORT AND RECOMMENDATION** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2] | |
| Respondent. | |

## INTRODUCTION

Petitioner brought this matter for judicial review of Respondent's denial of her application for a period of disability and disability insurance benefits. (Dkt. 1.) The Court has reviewed the Petition for Review, the parties' memoranda, and the administrative record (AR). For the reasons set forth below, the Court will recommend that the decision of the Commissioner be remanded for further proceedings.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

## BACKGROUND

On September 19, 2018, Petitioner protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. She alleges a disability onset date of September 8, 2017. (AR 15.) Petitioner's application was denied upon initial review and on reconsideration. (AR 15.) A hearing was held before Administrative Law Judge (ALJ) Brenda Rosten on February 12, 2020, at which the ALJ heard testimony from Petitioner and a vocational expert. (AR 15.)

On March 25, 2020, the ALJ issued a written decision finding Petitioner was not under a disability from September 8, 2017, through the date last insured of December 31, 2017, and therefore found Petitioner is not disabled. (AR 15, 24.)[3] Petitioner timely requested review by the Appeals Council, which denied her request on September 24, 2020. (AR 1 – 6.)

Petitioner timely appealed this final decision to the Court on November 27, 2020. (Dkt. 1.) The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g). At the time the ALJ issued her written determination on March 25, 2020, Petitioner was fifty-four years of age. (AR 91.) Petitioner is a high school graduate and completed some college coursework. (AR 91.) She has past relevant work experience as a loan officer. (AR 23.)

---

[3] A previous unfavorable decision was issued on September 7, 2017, finding Petitioner has not been under a disability from March 6, 2016, through the date of the ALJ's decision. (AR 140 – 52.)

At step two of the sequential process,[4] the ALJ determined Petitioner suffers from the following medically determinable severe impairments: obesity; fibromyalgia; status post microdiscectomies at L4-5 and L5-S1; left foot drop; chronic left L5 radiculopathy secondary to disc extrusion at L5-S1; osteoarthritis, bilateral knees; mild osteoarthritis, bilateral hips; and generalized osteoarthritis of bilateral hands and bilateral feet. (AR 17.) At step three, the ALJ determined that, through the date last insured, Petitioner did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (AR 19.) The ALJ next determined Petitioner retained the residual functional capacity for "light work," and could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently.[5] The ALJ further determined Petitioner can sit for about 6 hours in an 8-hour workday, stand and/or walk combined for about 4 hours in an 8-hour workday, and imposed additional postural limitations. (AR 20.) With

---

[4] For a summary of the process, *see Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) ("The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v).").

[5] The ALJ's reference to light work appears to be a typographical error that was not challenged by Petitioner. Light work requires the ability to lift up to 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds, and the ability to stand or walk, off and on, for a total of approximately 6 hours of an 8-hour workday. SSR 83-10. Sedentary work, on the other hand, requires the ability to lift no more than 10 pounds at a time, with periods of standing or walking totaling no more than 2 hours of an 8-hour workday, and sitting for a total of approximately 6 hours of an 8-hour workday. SSR 83-10. Given the ALJ's RFC finding and step four determination, it is clear the ALJ meant to confine Petitioner to sedentary work.

**REPORT AND RECOMMENDATION - 3**

such an RFC, the ALJ determined at step four that Petitioner retained the ability to perform her past relevant work as a loan officer, sedentary as generally performed.[6] (AR 23.)

## ISSUES FOR REVIEW

1.    Whether the ALJ reasonably evaluated the medical opinion evidence?

2.    Whether the ALJ's Residual Functional Capacity determination is supported by substantial evidence?

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533

---

[6] The ALJ found Petitioner actually performed her past relevant work at the light exertional level, but relied upon testimony from the vocational expert and the description of the occupation contained in the Dictionary of Occupational Titles that work as a loan officer is sedentary as generally performed. (AR 23.)

F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id.*

## DISCUSSION

Amanda Vansant, PA-C, rendered an opinion dated January 25, 2016, that Petitioner's recurrent L5-S1 disc herniation would cause Petitioner to be off-task 15% or more each workday and experience a 15% or more decrease in work output as compared to an average healthy worker. (AR 384.) She also was of the opinion Petitioner would require longer or more frequent daily rest periods to complete an 8 hour workday in addition to the typical twice daily 15 minute rest periods and one hour lunch break. (AR 384.) Last, Vansant opined Petitioner retained the physical ability during an 8 hour workday to sit for two hours, stand for one hour, walk for one hour, and must lie down for four hours. (AR 384.) She and treating physician, Samuel Jorgenson, M.D., signed the assessment form. (AR 384.)[7]

The ALJ found Vansant's opinion to be unpersuasive, on the following grounds: "it is not consistent with the record, including the objective evidence and the claimant's course of treatment. Moreover, Ms. Vansant's own treatment notes and physical findings do not support the level of limitation described in her opinion (B6F)." (AR 23.) Had the ALJ found otherwise, Vansant's opinion would have precluded work at the sedentary

---

[7] It appears both Vansant and Dr. Jorgenson signed the form.

level. (AR 69-70; 77-78.)

Petitioner argues the ALJ improperly evaluated the medical opinion of treating provider Amanda Vansant, PA-C, contending that the ALJ committed reversible error because she failed to meaningfully discuss Vansant's opinion. Specifically, Petitioner asserts the ALJ erred by failing to cite to evidence supporting her finding that Vansant's opinion is unpersuasive, and Petitioner objects to Respondent's alleged post hoc rationalizations. Consequently, Petitioner contends the ALJ's RFC determination is not supported by substantial evidence.

Respondent contends the ALJ provided a sufficient analysis for determining that the opinions from Vansant are not persuasive. Respondent cites to numerous record citations that Respondent contends support the ALJ's determination. Accordingly, Respondent argues the RFC determination is free from legal error.

## A.    Legal Standard

The Commissioner revised the regulations applicable to the evaluation of medical evidence for disability applications filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The new regulations changed how the Commissioner evaluates medical opinions and prior administrative medical findings by eliminating the use of the term "treating source" as well as what is customarily known as the treating source or treating physician rule. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the regulations now provide that the Commissioner "will not defer or give any specific evidentiary weight ... to any medical opinion(s) ... including those from [the claimant's] medical sources." 20 C.F.R.

§§ 404.1520c(a), 416.920c(a).

Under the revised regulations, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources according to the following factors: supportability; consistency; relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examinations); specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The ALJ's duty to articulate a rational for each factor varies. 20 C.F.R. §§ 404.1520c(a)-(b); 416.920c(a)-(b).

Supportability and consistency are the most important factors and, therefore, the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor looks inward at the medical opinion's bases; "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…, the more persuasive the medical opinions…will be." 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). The consistency factor, on the other hand, looks outward, comparing the opinion to the other evidence in the record; "[t]he more consistent a medical opinion(s)…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)…will be." 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2).

The ALJ need only address the remining factors - treatment relationship,

specialization, and any other factors - when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. §§ 404.1520c(b)(2)-(3); 416.920c(b)(2)-(3) (Where "two or more medical opinions…about the same issue are both equally well-supported…and consistent with the record…but are not exactly the same."). The ALJ may address multiple opinions from a single medical source in one analysis. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1) (explaining that "voluminous case records" necessitate source-level articulation).

Because Petitioner's application was filed after March 27, 2017, the application is subject to the revised regulations. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *see, e.g., Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'"). Accordingly, the Court applies the revised regulations here.

Under the revised regulations, the ALJ is required to "articulate ... how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." 20 C.F.R. §§ 404.1520c(b), 416.920c(b). "The 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Carmen Claudia S. v. Saul*, 2021 WL 2920614, at *8 (C.D. Cal. July 9, 2021) (quoting *Robert S. v. Saul*, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021)). "In sum, the Commissioner must explain his reasoning and specifically address how he considered the supportability and consistency of the opinion, and his reasoning

must be free from legal error and supported by substantial evidence." *Id.* (quoting *Titus L. S. v. Saul*, 2021 WL 275927, at *7 (C.D. Cal. Jan. 26, 2021)) (citations omitted). With these regulations and considerations in mind, the Court proceeds to its analysis.

**B.     Analysis**

While the revised regulations eliminate the hierarchy between treating, examining, and non-examining medical sources, the ALJ still must provide legally sufficient reasons supported by substantial evidence for finding a medical opinion unpersuasive. *Eric J. G. v. Saul*, No. CV 20-91-M-KLD, 2021 WL 1186972, at *5 (D. Mont. Mar. 30, 2021) (citing *Beason v. Saul*, 2020 WL 606760, *3 (C.D. Cal. Feb. 7, 2020)).

The ALJ considered Vansant's opinions, but found them unpersuasive for two reasons: (1) they are inconsistent with the record, "including the objective evidence and the claimant's course of treatment"; and (2) they are not supported by Vansant's treatment notes and physical findings, citing generally to Exhibit B6F.

Here, substantial evidence does not support the ALJ's findings. With regard to the first reason given by the ALJ, she failed to provide evidentiary support for her finding. It is unclear what objective evidence or what aspect of Petitioner's course of treatment the ALJ found inconsistent with Vansant's opinions. While the ALJ discussed Petitioner's conservative course of treatment earlier in the written determination, (AR 21), including the lack of surgical intervention, there is evidence in the record that Petitioner feared a third surgery proposed to permanently fuse vertebrae at L5-SI when her two prior surgical interventions had failed to provide pain and symptom relief. (AR 49, 441.) Further, there is evidence in the record that additional surgical intervention to address her

**REPORT AND RECOMMENDATION - 9**

lower lumbar and left lower extremity symptoms would be of no benefit. (AR 395, 545.)
There is also evidence in the record that she is not a surgical candidate for a left total hip
arthroplasty. (AR 387.)

The ALJ cited also the lack of injections other than for her back, but again,
evidence in the record indicates that nerve blocks administered to address her left sided
radicular pain provided no improvement. (AR 545.) It is unclear what sort of injections
the ALJ believed would improve Petitioner's symptoms. Last, the ALJ noted Petitioner
retained full strength throughout her right lower extremity, but the cause of her lower
extremity symptoms of radiculopathy, foot drop, and pain are due to abnormalities
impacting the left S1 nerve root. (AR 21, 479 – 480, 545.)

Turning to the ALJ's second reason for finding Vansant's opinions unpersuasive,
it, too, is unsupported. The ALJ cites generally to Exhibit B6F. However, this exhibit
consists of forty pages of medical records from not only Vansant, but also other providers
who treated Petitioner between January 6, 2016, through May 5, 2017. (AR 439 – 478.)
The ALJ provides no analysis of these records, or what specifically from Vansant's
treatment records fail to support her opinions. *See Burrell v. Colvin*, 775 F.3d 1133, 1138
(9th Cir. 2014) (It is not the job of the reviewing court to comb the administrative record
to find specific conflicts.). Moreover, Vansant's treatment records between January 6 and
January 22, 2016, all of which were prior to the date she completed the medical source
statement, indicated worsening pain, with MRI results indicating multilevel degenerative
disc disease with an L5-S1 disc bulge and left-sided disc extrusion resulting in stenosis of
the left foramen and left subarticular recess; facet arthrosis at L4-L5 and L5-S1; and

**REPORT AND RECOMMENDATION - 10**

cholelithiasis (gall stones). (AR 457 – 76.) Based upon the results of a physical examination and the MRI results, Vansant diagnosed recurrent left L5-S1 disc extrusion causing lateral recess and foraminal stenosis, foot drop, low back pain, lumbar post-laminectomy syndrome, lumbar radiculopathy, and herniation of nucleus pulposus. (AR 459.) The ALJ did not discuss these treatment records in connection with her evaluation of Vansant's opinions. (AR 23.)

Respondent does nothing other than attempt to support the ALJ's conclusory findings by restating the ALJ's discussion at page 21 and 22 of the record. Resp. Brief at 6. (Dkt. 19.) However, as discussed above, the ALJ's summary fails to provide meaningful insight or analysis as to why the ALJ found Vansant's opinions inconsistent with the record when the record as a whole, and the conflicting evidence therein, was not addressed. Without some articulation of the inconsistencies between the record and the medical source opinions the Court is unable to meaningfully review the bases for evaluating the opinions. As a result, the ALJ's RFC determination is not free from legal error because it was based, in part, on her finding that Vansant's opinions were neither supported nor consistent with the record.

## CONCLUSION

Based on the above, the Court finds the Commissioner's decision is not supported by substantial evidence and does not reflect application of the correct legal standards. Petitioner has met her burden of establishing harmful error with respect to the ALJ's evaluation of the medical opinion evidence in support of her request for remand. Consequently, the ALJ's RFC determination is not supported by substantial evidence.

**REPORT AND RECOMMENDATION - 11**

Therefore, the Court recommends that the Petition for Review be granted and that this matter be remanded for further proceedings.

<u>**RECOMMENDATION**</u>

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The Petition for Review (Dkt. 1) be **GRANTED**;

2)      This action be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

3)      The Remand be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4)      Judgment be entered consistent with the above in favor of Petitioner.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 20, 2021

Honorable Candy W. Dale
Chief United States Magistrate Judge